UNITED STATES DISTRICT COURT
for the
Northern District of Alabama

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFF(S)
Brian Hicks

**(b)** County of Residence of First Listed Plaintiff: Escambia County, FL

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hodges Trial Lawyers, P.C., 320 Clinton Ave. East
Huntsville, AL 35801

## DEFENDANT(S)
Atlas Tube (Alabama), Inc.

County of Residence of First Listed Defendant: Cook County, IL

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.S. Section 1332

Brief description of cause:
Slip and fall at Defendant's premises

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/10/2019

SIGNATURE OF ATTORNEY OF RECORD: [signature]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRIAN HICKS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: |
| ) | |
| ATLAS TUBE (ALABAMA), INC., ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff complains because of injuries and damages suffered at the hands of Defendant.

## STATEMENT OF THE PARTIES

1. Plaintiff, Brian Hicks, is domiciled in the State of Florida and is a citizen of Florida.

2. Defendant Atlas Tube (Alabama), Inc. is a corporation formed in Delaware with its principal place of business located in Illinois.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this civil action on the basis that the amount in controversy exceeds $75,000, and has diversity of citizenship between the parties pursuant to 28 U.S.C.S. § 1332.

4. Venue is appropriate in this matter under 28 U.S.C. 1391(b) because the events that give rise to this Complaint occurred in this district.

## **UNDISPUTED FACTS**

5. On or about, February 17, 2018, Plaintiff was an invitee at Defendant's business located at 171 Cleage Drive, Birmingham, Jefferson County, Alabama. Plaintiff was a driving an 18-wheel vehicle and was there to pick up a pre-loaded trailer shipment for transport. Plaintiff was driving for his employer P&S Transportation and in the course and scope of his employment.

6. When Plaintiff arrived at Defendant's facility, he checked in with the security guard at Defendant's facility. Even though Defendant's facility has loading bays equipped with safety netting that can be affixed to the load, Plaintiff was not directed to such a loading bay. Instead, he was directed to an area that did not have the proper safety netting. Defendant's policies prevented Plaintiff from accessing and/or moving the other trailers. Because all of the loadings bays with safety netting were full, Plaintiff had no reasonable alternative. In fact, there were no safety prevention measures in place for Plaintiff.

7. The trailer Plaintiff was directed to hook up to was pre-loaded with the shipment of large pipe. As required by Defendant's policies, Plaintiff had to strap the load to his trailer and place a tarp over it. The load was a large pipe that was lubricated with oil. Upon information and belief, the pipe is lubricated to prevent damage to the product. In order to complete this task, Plaintiff was required to climb on top of the load to run the tarp over the top of the load and prepare the load to be strapped. While standing on the top of his load, Plaintiff was approximately twelve (12) feet off the ground.

8. The shipping and/or trucking industry has recognized that "tarping" while necessary for protecting the contents of the shipment, is dangerous. Beyond safety netting that can mitigate the damages caused by a fall, tarping systems exist that allow a driver like Plaintiff to tarp the load from the ground, completely eliminating the risk of falling. Defendant Atlas Tube had no

2

such system on the premises available to Plaintiff. While attempting to "tarp the load", Plaintiff slipped and fell from the very top of the load. Since there was no safety netting in place, he fell approximately twelve (12) feet and landed on the pavement. Plaintiff was catastrophically injured as a result of this fall.

## CAUSES OF ACTION

### COUNT I
### Negligence

10. Plaintiff adopts and incorporates by reference all preceding paragraphs.

11. Defendant negligently failed to have any safety prevention measures in place to prevent Plaintiff's fall. Defendant had loading bays on site that were equipped with proper safety netting measures that were there to catch individuals if they fell. Defendant negligently failed to make a loading bay with safety netting available for Plaintiff. Defendant knew or should have known that Plaintiff was coming to pick up the load in question.  Defendant is knowledgeable about the risk of tarping the load with a full protective system in place. This is evidenced by the fact that Defendant has loading bays equipped with safety nets to prevent injuries like the one suffered by Plaintiff.  Defendant was further negligent for failing to provide a tarping cable or pulley system which would have allowed Plaintiff to avoid climbing on top of the load. Defendant failed to use such safety precautions and required Plaintiff to climb on top of the load, twelve (12) feet above the ground, on a lubricated and rounded surface to attempt to tarp the load in question. Said negligence proximately caused Plaintiff to fall.

12. Defendant's negligence proximately caused Plaintiff to fall and suffer catastrophic injuries and damages to Plaintiff.

### COUNT II

3

### Wantonness

13.	Plaintiff adopts and incorporates by reference all preceding paragraphs.

14.	Defendant wantonly failed to have any safety prevention measures in place to prevent Plaintiff's fall. Defendant had other loading stations that were equipped with proper safety netting measures that were there to catch individuals if they fell. The fact that Defendant had such safety netting measures establishes that Defendant had knowledge that its loading procedures create a fall risk. Despite this knowledge, Defendant consciously omitted its duty of care to Plaintiff and wantonly directed Plaintiff into a loading station that did not have the proper safety prevention measures in place. In doing so, Defendant displayed a reckless disregard for Plaintiff's well-being and the consequences of what would happen to Plaintiff if he fell. Similarly, Defendant knew that there were safer options to tarp the load, which included the use of a tarping cable or pulley system that would not have required Plaintiff to climb on top of the load. Despite this knowledge, Defendant consciously omitted its duty of care to Plaintiff and wantonly directly Plaintiff to tarp the load by climbing on top of the load. Plaintiff subsequently fell and catastrophically injured himself.

15.	Defendant's wanton conduct proximately caused catastrophic injuries and damages to Plaintiff.

### COUNT III
### Negligent Failure to Warn

16.	Plaintiff adopts and incorporate by reference all preceding paragraphs.

17.	Defendant had a duty to warn Plaintiff that climbing on top of the load, which was covered in a slippery oil, was a fall risk to Plaintiff. However, Defendant negligently failed to warn Plaintiff and/or negligently failed to adequately warn Plaintiff of this danger of falling. Consequently, Plaintiff was unaware of how dangerous it would be for him to climb on top of the

4

load. Plaintiff subsequently climbed on top of the load and proceeded to fall to the ground, catastrophically injuring himself.

18. As a proximate result of said Defendant's negligent conduct, Plaintiff suffered severe personal injuries and other damages.

## COUNT IV
## Negligent Training

19. Plaintiff adopts and incorporate by reference all preceding paragraphs.

20. Defendant negligently failed to train its employee, the security guard in question, that directed Plaintiff to a pre-loaded trailer with no access to a full protective system. If said security guard were properly trained for the role she was thrust into, she would have identified the danger in directing Plaintiff to a station without the full safety prevention measures and would have notified her supervisor to allow the pre-loaded trailer to be moved into a loading bay with a full protective system. Said negligent training proximately contributed to Plaintiff's fall.

21. Defendant's negligent training proximately contributed and/or caused Plaintiff to fall and suffer catastrophic injuries and damages to Plaintiff.

## DAMAGES

22. Plaintiff suffered personal injuries as a result of Defendant's wanton conduct. He requests that the fact finder award appropriate actual damages to compensate him for medical bills in the past and future; physical pain and mental anguish in the past and future; physical impairment in the past and future; lost wages, loss of enjoyment of life, and all other compensatory damages supported by the evidence.

23. Plaintiff also requests that he be awarded pre-judgment and post-judgment interest as allowed by law, costs of court, and all other damages supported by the evidence and the law.

Respectfully submitted,

/s/Jeremiah M. Hodges
Jeremiah M. Hodges, (asb-3874-a34h)
Hodges Trial Lawyers, P.C.

/s/Timothy M. McFalls
Timothy M. McFalls (asb-8111-y88m)
Hodges Trial Lawyers, P.C.

/s/Rachael Gilmer
Rachael Gilmer (asb-8541-h70r)
Levin Papantonio

Attorneys for Plaintiff

OF COUNSEL:
Hodges Trial Lawyers, P.C.
320 Clinton Avenue East
Huntsville, Alabama 35801
(256) 539-3110 - phone
(256) 539-3212 – fax
jmhodges@notanaccident.com

Levin Papantonio
316 S Baylen St
Pensacola, FL 32502
(850) 435-7000 – phone
rgilmer@levinlaw.com

**CERTIFICATE OF SERVICE**

Atlas Tube (Alabama), Inc.
CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

/s/Jeremiah M. Hodges
Jeremiah M. Hodges

6